The DURANT NATIONAL BANK IN DURANT, DURANT, OKLAHOMA, a National Banking Corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 3849.

United States District Court E. D. Oklahoma.

Oct. 15, 1958.

James W. Batchelor, Durant, Okl., for plaintiff.

Frank D. McSherry, U. S. Atty., Muskogee, Okl. (Paul Brewer, Asst. U. S. Atty., Muskogee, Okl., David L. Rose, Atty. Dept. of Justice, Washington, D. C., of counsel), for defendant.

WALLACE, District Judge.

Plaintiff, the Durant National Bank in Durant, Durant, Oklahoma, a National Banking Corporation, seeks judgment against the United States for $5,622.88 allegedly due under a "Contract for Education and Training", No. V3015V–65, executed October 29, 1948, between Charleston Aviation Corporation and the Veterans Administration. This agreement was made pursuant to the provisions of Public Law 346, 38 U.S.C.A. § 693 et seq., and provided for student training from August 16, 1948, until June 30, 1949. On May 6, 1948, in West Virginia, Charleston Aviation gave an assignment of this contract to plaintiff. Notice of this assignment was given to the Veterans Administration and the General Accounting Office. However, no payment has been received by the plaintiff.

The parties stipulated that the only defense to be urged by the defendant was:

"That all monies due or to become due under Contract No. V3015V–65 were assigned by plaintiff's assignor to the Huntington Trust and Savings Bank of Huntington, West Virginia, effective from June 30, 1948; that pursuant thereto, Notice of Assignment dated December 10, 1948, duly acknowledged was received by the Veterans Administration on October 6, 1949; that said contract does not,

by its terms, expressly permit more than one assignment thereof, and that the purported assignment of contract No. V3015V–65 to plaintiff is therefore null and void."

and that the only issue to be tried and resolved by the court is the legal sufficiency and validity of the assignment relied upon by the plaintiff. Further, it has been agreed that if plaintiff prevails it is to have judgment in the amount of $3,000.

The evidence revealed that an assignment of all sums due under the contract in suit was executed by Charleston Aviation to Huntington Trust on December 10, 1948. Notice of this assignment was given to the General Accounting Office and the Veterans Administration. On October 10, 1949, the General Office received and acknowledged receipt of the notice. On October 7, 1949, the Veterans Administration acknowledged receipt of the notice; and, such notice was accepted by the defendant. The assignment to Huntington Trust was supported by a valid consideration, was in due legal form, was accepted by the defendant, and constituted a valid assignment. Moreover, notice of said assignment was given as provided by the Assignment of Claims Act, Title 31 U.S.C.A. § 203.

Notice of plaintiff's assignment from Charleston Aviation, such assignment being dated May 7, 1949, was mailed to the Veterans Administration on April 27, 1950; and, a similar notice was received by the General Accounting Office on April 28, 1950.

On April 30, 1952, Huntington Trust executed a release as to its assignment of the Contract between the Veterans Administration and Charleston Aviation. This release did not bear the seal of the banking corporation, was not attested by its Secretary nor acknowledged in accordance with West Virginia statutes for corporate acknowledgments. Moreover, plaintiff did not give notice to the defendant of the execution of said release by Huntington Trust.

Charleston Aviation ceased to do business in November, 1948, and furnished no flight training thereafter, either under the contract in question or otherwise.

Under these facts, it is concluded:

1. The court has jurisdiction of this controversy under the provisions of the Tucker Act, Title 28 U.S.C. § 1346.

2. This action is controlled by the provisions of the Assignment of Claims Act, Title 31 U.S.C.A. § 203; and, such Act provides for one assignment but no more.

3. Plaintiff's assignment is invalid under the Assignment of Claims Act insofar as the United States is concerned, because of the prior assignment to Huntington Trust.

4. The purported release by Huntington Trust dated April 30, 1952, was of no benefit to plaintiff in that the Act in question provides for only one assignment and the purported release could not have had the effect of transforming plaintiff's second assignment into a first assignment, even had it been executed and acknowledged in accordance with the laws of West Virginia.

5. Defendant is entitled to judgment and costs.